IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MECHLING and CHRISTOPHER MECHLING,<br><br>  Plaintiffs,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>  Defendants. | Case No. 23-cv-05282<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Young B. Kim** |

**STIPULATED PERMANENT INJUNCTION AND DISMISSAL WITH PREJUDICE;
ORDER THEREON**

This action was commenced by Plaintiffs Nicholas Mechling and Christopher Mechling (hereinafter together or individually as "Plaintiff") against Defendant No. 69, Muay Thailand Ltd. (hereinafter, "Defendant"). Plaintiffs and Defendant have compromised and resolved all claims arising from the allegations in the Complaint, IT IS HEREBY ORDERED, ADJUDICATED AND DECREED as follows:

**PERMANENT INJUNCTION ORDER**

Having considered the STIPULATION of the parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction over the parties and the subject matter in this case.

2. Venue is proper in this judicial district.

3. Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with Defendant be permanently enjoined and restrained from using the TWINS Trademarks (of which is

included in the cart below), or any reproductions, counterfeit copies, any confusingly similar terms, or colorable imitations thereof in any manner within the United States (except in reference to Twins Special or its genuine products), including in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the TWINS Trademarks.

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 4,848,713 | TWINS ★ ★ ★ SPECIAL ★ ★ ★ | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial |

| | | |
|---|---|---|
| | | arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |
| 4,848,712 | *[Twins Special logo]* | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |
| | | For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin guards; |

| | | |
|---|---|---|
| 4,848,711 | TWINS SPECIAL | chest protectors for sports; boxing rings; fighting cages for use with martial arts; martial arts gloves; athletic protective pads for chest, abdomen, belly, shins and head for use with martial arts; punching bags; bags specially adapted for sports equipment; athletic equipment, namely, hand wraps and mouth guards; skipping rope; athletic supporters; athletic equipment, namely, ankle guards, shin guards and head guards; abdominal protectors; martial arts kicking pads; martial arts punching pads; martial arts training equipment; training apparatus for boxing, martial arts, and similar sports; athletic sporting goods, namely, athletic wrist and joint supports; all the foregoing relating to boxing or martial arts and not relating to any other sports or sports team, league, mascot or stadium in class 28. |
| 3,749,271 | ![KING BOXING EQUIPMENT PROFESSIONAL MADE IN THAILAND logo] | For: Boxing shorts; Caps; T-shirts; Tank tops in class 25.<br><br>For: Sports equipment for boxing and martial arts, namely, boxing gloves, boxing bags, punching mitts, belly protectors, groin protectors and shin |

4. This injunction does not prohibit Defendant from displaying products bearing any of the TWINS Trademarks on a website accessible in the United States or require Defendant to block its website from access in the United States, so long as Defendant does not sell, or actively promote products (through an action beyond passive display of a website or general distribution of an email newsletter; such as, for example, purchasing advertising targeted at United States consumers) using any of the TWINS Trademarks, any confusingly similar terms, or colorable imitations thereof, to customers in the United States.

5. Should any of the TWINS Trademarks rights no longer be owned by any of the Mechlings, Twins Special LLC, or any assignee or representative of the Mechlings or Twins Special LLC, or if any of the TWINS Trademarks are cancelled or held to be invalid or unenforceable by the United States Patent and Trademark Office or by a final, unappealable order of any United States District Court, this Stipulation and Order shall no longer apply to that particular Trademark. After such an event occurs, Plaintiff shall file with the Court a document stating that the particular Trademark is no longer within the scope of this Stipulation and Order.

6. This case against the Defendant is dismissed with prejudice.

7. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.　　　　　　　　　　　　　　DATED: November 27, 2023

　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Andrea R. Wood
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge